UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No:

**09-21373**

**CIV-JORDAN** / McALILEY

EMILIO PINERO,

        Plaintiff,

v.

CORP.COURTS AT MIAMI LAKES, INC.,

        Defendant.
_____/

FILED by ADS D.C.

MAY 21 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## COMPLAINT

Plaintiff. EMILIO PINERO, by his undersigned counsel, hereby files this Complaint and sues CORP. COURTS AT MIAMI LAKES, INC, for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. Section 1281, et seq., ( hereinafter the "A.D.A".), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code, and alleges as follows"

### JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C., Sections 1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. Section 1281. et seq., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. Sections 2201 and 2202).

### PARTIES

2.     Plaintiff is a resident of the State of Florida and this jurisdictional district, and is disabled as defined by the ADA and substantially limited in performing one or more major life

activities, including but not limited to walking standing, standing, grabbing, grasping and/or pinching. Plaintiff uses a wheelchair for mobility purposes. Plaintiff's access to the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and ADA violations which exist at the facility, including but not limited, to those set forth in the Complaint.

3. Defendant transacts business in the State of Florida and within this judicial district. Defendant in the owner, lessee, and/or operator of the real property and improvements which are the subject of this action, commonly referred to as a two- story medical and professional building located on or about 5881-5907 N.W. 151st Street, Miami Lakes, Florida, (hereinafter the "facility").

4. The defendant's facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG, and the Florida Building Code.

5. Plaintiff visited the facility on February 6, 2009, and encountered barriers to access at the facility, and engaged those barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendant's ADA violations set forth herein.

6. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the facility and the actions or inactions described herein.

7. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## **FACTUAL ALLEGATIONS AND CLAIM**

8. Plaintiff has attempted to and has, to the extent possible, accessed the facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or the goods, services, facilities, privileges, advantages and/0r accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

9. Plaintiff intends to visit the facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

10. Defendant has discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility, as prohibited by 42 U.S.C., Section 12182, et.seq., and by failing to remove architectural barriers as required by 42 U.S.C., Section 12182(b)(2)(A)(iv),and the Florida Building Code, and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

11. Defendant has discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous

conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility include:

a. There is not a compliant accessible route from the disabled parking spaces to the facility in violation of ADAAG 4.3.2.

b. There is a lack of directional signage and policies in place to assist persons with disabilities within the facility in violation ADAAAG 4.30.1-4.30.5.

c. The parking spaces designated as accessible do not have proper striping and signings designating them as accessible spaces ADAAG 4.6.

d. The ramp that services the main entrance is not compliant in violation of ADAAAG 4.8(2)(4).

e. The fire and smoke alarms in the non compliant restrooms are not compliant in violation of ADAAG 4.29.

f. The door hardware on the main door to the East and West lobby of 5901 building and West lobby door to 5881 Building, and all exterior tenant doors are not compliant in violation of AADAG   4.13.9.

g. There are counters and service windows that are inaccessible because they are higher than 36 inches in violation of ADAAG 7.2.

h. There are restrooms at the facility that are inaccessible due to, among other things, restroom doors that have non compliant hardware that is too high and requires pinching

and grabbing, door width that is too narrow, non compliant side approach on the pull side of the restroom doors, non-compliant clear floor space and turning radius within the restroom and accessible stall, exposed pipes, non compliant urinal height, non compliant grab bars, non compliant or a lack of Braille signage at restroom doors, non compliant mirror height and non compliant toilet and sink including sink hardware, toilet seat height, toilet flush lever, non compliant coat hooks, and lack of insulated pipes in violation of ADAAG 4.22, and 4.13.9.

i. There are ashtrays mounted on columns on exterior of building protruding into the accessible route in violation of ADAAG 4.4.1

j. There are non compliant drain covers in violation of ADAAG 11-4.5.4

k. There are cross slopes of the accessible route to the building entrance which are non compliant in violation of ADAAG 4.8.2-4.8.4.

l. There are no detectable warnings on walking surfaces in violation of ADAAG4.29.2.

m. There are unlevel changes along accessible routes that exceed maximum change in level in violation of ADAAG 4.3.7

n. The door pressure of the main West entrance to 5881 building is non-compliant in violation of ADAAG 4.13.9.

o. There is no elevator in the 5901 building in violation of Statute 28 CFR 36.404.

p.. There is non-compliant floor space and seating in the service facilities in violation of ADAAG 4.3.2 and 4.2.2-4.2.4

12.     Plaintiff has attempted to gain access to the facility, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the facility, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations se forth above, and expects to be discriminated against in the future, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

13.     The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense.  42 U.S.C. Section 12182(B)(2)(A)(iv);  42 U.S.C. Section 12181(9); 28 C.F.R, Section 36.304.

14.     Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

15.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C., Section 12205 and 12217.

16.     Pursuant to 42 U.S.C. Section 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it

readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing is discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

    Respectfully submitted,

_____

LAUREN WASSENBERG, ESQ.
Florida Bar No. 0034083
429 Lenox Avenue
Suite 4W23
Miami Beach, Florida 33139
(305) 537-3723
Attorney for Plaintiff

%JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
Emilio Pinero

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff  Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Lauren N. Wassenberg, Esq
429 Lenox Avenue, Suite 4W23
Miami Beach, Florida 33139
(305) 537-3723

Attorneys (If Known)

FILED by ADS D.C.
MAY 21 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. - MIAMI

**(d)** Check County Where Action Arose: ✓ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
✓ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

09-CV-21373-Jordan/McAliley

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities Employment / ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ■ 446 Amer. w/Disabilities Other / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
✓ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ✓ YES ☐ NO    b) Related Cases ☐ YES ✓ NO

JUDGE Paul Huck    DOCKET NUMBER 09-20343

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

Action for injunctive relief pursuant to ADA, 42 U.S.C., Section 1281 and 28 CFR, Part 36 ADAAG

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE
May 21, 2009

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 1001406

05/21/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-20343-CIV-HUCK/O'SULLIVAN

EMILIO PINERO,

    Plaintiff,

vs.

CORP. COURTS AT MIAMI LAKES, INC.,

    Defendant.

_____/

CLOSED CIVIL CASE

## ORDER OF DISMISSAL

THIS MATTER is before the Court upon the Defendant's Motion to Strike Plaintiff's Motion for Partial Summary Judgment and to Dismiss Plaintiff's Complaint for Failure to Attend Court Ordered Settlement Conference filed May 14, 2009 [D.E. #36] and Plaintiff's Motion for Reconsideration of the Order Imposing Sanctions on Plaintiff's Counsel and for Stay of the Order Pending Appeal filed on May 18, 2009 [D.E. #38].

The Court entered a Scheduling Order on February 20, 2009, requiring the parties to complete mediation prior to trial. That order clearly indicates that "non-compliance with any provision of this Order may subject the offending party to sanctions, including dismissal of claims or striking of defenses. It is the duty of all counsel to enforce the timetable set forth herein in order to insure an expeditious resolution of this cause." The Court subsequently granted the Defendant's Motion for a Settlement Conference and entered an order referring the case United States Magistrate Judge Peter R. Palermo for the purpose of conducting a settlement conference. Pursuant to that reference, Magistrate Judge Palermo issued an Order Scheduling Settlement Conference on April 30, 2009 setting a settlement conference on May 12, 2009 at 9:30 a.m. Magistrate Judge Palermo's scheduling order clearly states that the settlement conference shall be attended by all parties. The Plaintiff did not attend the settlement conference and, as more fully described in Magistrate Judge Palermo's Order Imposing Sanctions issued on May 14, 2009, the Plaintiff's counsel was personally sanctioned $2,500.00 for deliberate and willful refusal to comply with the Magistrate Judge Palermo's orders.

Upon review of the record, the Court finds that the Plaintiff has repeatedly failed to comply with the Court's orders. First, as noted in Magistrate Judge Palermo's Order Imposing Sanctions, the

Plaintiff failed to appear at the settlement conference despite a clear requirement to so appear.[1] Second, the Plaintiff has not timely complied with this Court's Scheduling Order requiring mediation to be completed by March 12, 2009.[2] Orders requiring mediation and a settlement conference are specifically intended to expedite disposition of the action, ensure efficient management of the case, improve the quality of the trial, encourage a timely resolution of the dispute, facilitate settlement and conserve the resources of both the judiciary and the litigants. The Plaintiff had ample notice of both the required mediation deadline (twenty days time from entry of Scheduling Order to expiration of mediation deadline) and the date of the settlement conference (twelve days time from entry of Order Scheduling Settlement Conference to date of settlement conference). The Plaintiff did not file any request for enlargement of time or otherwise notify the Court that he would be unable to appear or meet those deadlines. The Court finds that the Plaintiff's repeated refusal to comply with the Court's orders has unreasonably interfered with the expeditious resolution of this case.

Each of the orders that Plaintiff failed to comply with also clearly stated that noncompliance could result in sanctions. Pursuant to Federal Rule of Civil Procedure 16(f), the Court may impose sanctions if a party or party's attorney fails to appear at a pretrial conference or fails to obey a scheduling or pretrial order. Rule 16(f) sanctions were "designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." *United States v. Duran Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003) citing *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). The Court finds that the appropriate sanction for the Plaintiff's noncompliance with the Court's orders, as demonstrated by his failure to appear at the settlement conference and failure to timely schedule mediation, is dismissal of the complaint without prejudice.

Additionally, Rule 16(f)(2) provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's

---

[1] The Plaintiff argues in his Motion for Reconsideration that Rule 16 does not permit the Court to order parties to appear for pre-trial conferences. However, Rule 16(c) states, "If appropriate, the court may require that <u>a party</u> or its representative be present or reasonably available by other means to consider possible settlement." Fed. R. Civ. P. 16(c)(1) (emphasis added). In this case, Magistrate Judge Palermo's Order Scheduling Settlement Conference appropriately stated that party attendance was required.

[2] The Plaintiff also ignored the deadline for filing dispositive motions in the Scheduling Order, as his motion for summary judgment was filed three days after the deadline for such motions.

fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." In accordance with that Rule, the Court is requiring the Plaintiff to pay the reasonable expenses incurred by Defendant, including attorney's fees, resulting from the Plaintiff's failure to appear at the scheduled settlement conference. The Court finds that the Plaintiff's noncompliance in this action was not substantially justified and that an award of expenses and attorney's fees are just.

Therefore, the Court having reviewed the record, the motions, and being otherwise duly advised, it is ordered that:

1. The Defendant's Motion to Strike Plaintiff's Motion for Partial Summary Judgment and to Dismiss Plaintiff's Complaint for Failure to Attend Court Ordered Settlement Conference [D.E. #36] is granted in part and denied as moot in part.
   A. The Motion to Dismiss granted and the case is dismissed without prejudice.
   B. The Motion to Strike Plaintiff's Motion for Partial Summary Judgment is denied as moot. All pending motions not addressed in this order are now moot. Therefore, the Plaintiff's Motion for Partial Summary Judgment is moot and there is no need for the Court to address the Defendant's request to dismiss that motion.
2. The Plaintiff's Motion for Reconsideration of the Order Imposing Sanctions on Plaintiff's Counsel and for Stay of the Order Pending Appeal [D.E. #38] is denied in part and granted in part.
   A. The Motion for Reconsideration is denied.
   B. The Motion for Stay of the Order pending appeal is granted.
3. The Plaintiff shall pay Defendant's reasonable expenses, including attorney's fees, incurred because of the Plaintiff's failure to appear at the scheduled settlement conference.

Accordingly, and for the reasons stated herein, this case is dismissed without prejudice. Any pending motions are denied as moot, and the case is closed.

DONE AND ORDERED in Chambers, Miami, Florida, May 20, 2009.

Paul C. Huck
United States District Judge

**Copy furnished to:**
All Counsel of Record